UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT E. LOVELAND,

    Plaintiff,

v.                              Case No: 2:15-cv-621-FtM-99CM

MIKE SCOTT, ANDREW SMALL, LOURDES CARRERO, RHONDA MASON, and SHIRLETTE THOMAS,

    Defendants.

## ORDER

This matter comes before the Court upon the following:

> Defendant Mike Scott's Motion to Dismiss Plaintiff's Complaint (Doc. 22, filed February 8, 2016);
>
> Plaintiff's Response to Defendant Mike Scott's Motion to Dismiss (Doc. 24, filed February 18, 2016);
>
> Defendants Small, Carrero, Mason, and Thomas' Motion to Dismiss Plaintiff's Complaint (Doc. 29, filed February 22, 2016);
>
> Defendants Small, Carrero, Mason, and Thomas' Supplemental Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies (Doc. 37, filed March 15, 2016); and
>
> Plaintiff's Reply in Opposition to Defendants Small, Carrero, Mason, and Thomas' Motions to Dismiss (Doc. 39, filed March 25, 2016).

For the reasons set forth in this Order, the motions to dismiss filed by Defendants Scott, Small, Carrero, Mason, and

Thomas are granted.  Plaintiff may file an amended complaint against Defendant Thomas.

I. **Pleadings**[1]

　A. **Complaint**

During the nights between August 19, 2015, and September 2, 2015, Plaintiff began having hypoglycemic episodes related to his diabetes (Doc. 1 at 6).  As a result, he requested a 5-unit decrease in his evening insulin dose. Id.

On September 2, 2015, physician's assistant Defendant Thomas cut Plaintiff's morning and evening insulin doses in half, from 30 and 20 units, to 15 and 10 units (Doc. 1 at 6).  For approximately one week following the decrease, Plaintiff's blood sugar was "excessively high" 24 hours a day. Id.  On September 9, 2015, Defendant Thomas increased Plaintiff's morning insulin to 25 units, but his evening insulin was left at 10 units. Id.  From September 9, 2015 until the date of Plaintiff's complaint (September 30, 2015), Plaintiff's "blood sugar has run high from dinner to breakfast." Id. at 7.

Plaintiff has filed "multiple complaints and grievances" regarding Defendant Thomas' adjustments to his insulin dosage, but

---

[1] The facts are those set forth in Plaintiff's complaint (Doc. 1). For the purpose of this Order, all factual assertions are considered to be true. However, this Court is not bound to accept a legal conclusion as true, even if couched as a factual allegation. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

none of the named defendants has done anything to remedy the situation. Id.

Plaintiff asserts that he suffers headaches, muscle cramps, dehydration, blurred vision, drowsiness, irritability, and short term memory loss due to his lack of sufficient insulin (Doc. 1 at 7). He also asserts that he does not eat some of his food in an attempt to control his blood sugar, resulting in frequent hunger. Id. Plaintiff asserts that the jail's failure to provide him with adequate insulin is cruel and unusual punishment.[2] Plaintiff seeks: an order from the Court that Defendants properly treat his diabetes; the imposition of fines and reprimands; damages for pain and suffering in the amount of one million dollars per defendant; and Plaintiff's legal fees and costs of litigation. Id. at 8.

**B. Motions to Dismiss**

On February 8, 2016, Defendant Scott filed a motion to dismiss (Doc. 22). Defendant Scott argues that Plaintiff's complaint merely describes a disagreement with the medical care he received,

---

[2] It is unclear from the pleadings whether Plaintiff is a prisoner or a pre-trial detainee at the Lee County Jail. If Plaintiff is a pre-trial detainee, his cruel and unusual punishment claim sounds properly in the Fourteenth Amendment right to due process of law rather than in the Eighth Amendment. See Lancaster v. Monroe Cty., Alabama, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Nevertheless, allegations of cruel and unusual punishment are analyzed in identical fashions regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause of the United States Constitution. Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000).

and that his claims of negligence are insufficient to state a claim of deliberate indifference (Doc. 22 at 7, 10).

On February 22, 2016, Defendants Small, Lourdes, Carrero, Mason, and Thomas ("Armor Defendants") filed a motion to dismiss Plaintiff's complaint (Doc. 29).  The Armor Defendants argue that "it is clear that Plaintiff's allegations are directed at alleged medical negligence – not deliberate indifference." (Doc. 29 at 6). The Armor Defendants also argue that Plaintiff has not exhausted his administrative remedies (Doc. 29 at 9).  Because the Armor Defendants did not develop their exhaustion claim in the motion to dismiss, the Court directed them to file a supplemental motion to dismiss addressing the exhaustion claim (Doc. 32 at 3).  The Armor Defendants complied (Doc. 37), and Plaintiff filed a response in opposition to both of the Armor Defendants' motions to dismiss (Doc. 39).[3]

---

[3] In response to the motion to dismiss for lack of exhaustion, Plaintiff does not claim to have completed the three-level grievance procedure required to completely exhaust his administrative remedies.  Instead, he argues that Armor Healthcare's grievance policy was not explained to him because Armor was not the healthcare provider when he was initially admitted to the jail (Doc. 39).  He also attached a copy of an alleged grievance appeal from the three grievances he filed regarding his insulin dosage during the times at issue in the complaint (Doc. 39-3).  Given that the grievances contained sufficient facts to apprise the jail of Plaintiff's medical concerns and given Armor's alleged failure to apprise Plaintiff of the grievance procedure, the Court will address Plaintiff's Eighth Amendment claims.

## II. Standard of Review

### A. Motions to Dismiss

On a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss.

First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

**B.   Deliberate Indifference under 42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) the defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

In the instant complaint, Plaintiff alleges that the defendants were deliberately indifference to his diabetes (Doc. 1). The Eighth Amendment forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners[.]" Estelle v. Gamble, 429 U.S. 97, 104

(1976). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009).[4]

A plaintiff can demonstrate deliberate indifference by establishing the defendant (1) had a subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that is more than mere negligence. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

### III. Analysis

#### A. Plaintiff's claims against Defendant Scott are dismissed for failure to state a claim upon which relief can be granted

The only mention of Defendant Scott in the complaint, is Plaintiff's assertion that "Mike Scott is the sheriff of Lee County, Florida, and is in charge [of] Mr. Loveland's care, custody, and control." (Doc. 1 at 5). Plaintiff does not assert that Defendant Scott was personally involved in Plaintiff's

---

[4] A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. Kelley v. Hicks, 400 F.3d 1282, 1284 n. 3 (11th Cir. 2005). The Court will assume, without deciding, that Plaintiff's diabetes is a serious medical need.

medical care or that he established a policy that resulted in the administration of deficient insulin dosage for the prisoners at the Lee County Jail. Rather, in response to Defendant Scott's motion to dismiss, Plaintiff explains that he has named Defendant Scott in the complaint because "[t]he actions of the Defendant in contracting with Armor Correctional to provide medical care and his reliance upon Armor Correctional and its healthcare professionals to provide such healthcare for inmates incarcerated at Lee County Jail, leave him burdened with the liability resulting from the deliberate indifference to the Plaintiff's serious medical needs." (Doc. 24 at 4).

To the extent Plaintiff urges that Defendant Scott is responsible for the negligence or deliberate indifference of his subordinates, he does not state a claim. It is well established in the Eleventh Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n. 58 (1978). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior. See Kruger v. Jenne, 164 F. Supp. 2d 1330, 1333–34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982))

(explaining that [supervisor] who provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory). Instead, supervisory liability under § 1983 occurs when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Because they are based solely upon a theory of respondeat superior, and because Plaintiff does not allege a sufficient causal connection between Defendant Scott and the alleged conduct that led to the changes in his insulin, Plaintiff's claims against Defendant Scott are due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

> **B. Plaintiff's claims of deliberate indifference against the Armor Defendants are dismissed for failure to state a claim upon which relief may be granted**
>
>     **1.   Defendants Andrew Small and Lourdes Carrero**

It is unclear why Plaintiff believes Defendants Small and Carrero were deliberately indifferent to his diabetes. Plaintiff asserts that Andrew Hall is the Health Services Administrator for Armor Correctional and that Defendant Carrero is the medical director hired by Armor to treat his diabetes (Doc. at 5-6). Plaintiff does not allege that either of these defendants was personally involved in the treatment of his diabetes or developed

a custom or policy to deprive diabetic prisoners of insulin. Rather, he attributes liability to these defendants based solely upon Defendant Thomas' actions in adjusting his insulin dosage. However, as noted, even if Thomas' actions were constitutionally infirm, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. See discussion infra Part IV(A). Therefore, to the extent Plaintiff urges that Defendants Small and Carrero are responsible for the negligence or deliberate indifference of Defendant Thomas, he does not state a claim. See discussion supra Defendant Scott. Plaintiff's claims against Defendants Small and Carrero are due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2. Defendant Rhonda Mason

It is unclear why Plaintiff believes Defendant Mason was deliberately indifferent to his medical needs. Plaintiff's only assertion against Defendant Mason is that she is the director of nursing at the Lee County Jail and that she has "responded to some of Plaintiff's grievances and is in charge of the nurses who visit and treat Mr. Loveland on a daily basis." (Doc. 1 at 6).

As noted, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. See discussion supra Defendant Scott. Moreover, a review of the grievances to

which Defendant Mason responded does not evince deliberate indifference on the part of this defendant.[5] Plaintiff wrote two grievances on September 2, 2015 in which he complained that Defendant Thomas halved his insulin dosage in response to his self-reported hypoglycemic episodes (Doc. 37-4 at 6-7). On September 3, 2015, Plaintiff again complained that Defendant Thomas refused to change his insulin dosage. Id. at 8. Defendant Mason responded to the three grievances on September 9, 2015 with the following letter:

> I am in receipt of your grievances requesting a change in your medication. I would first like to assure you that you are being cared for by a professional healthcare provider and she is in charge of your health at this time. As a health care professional she will order the medications needed to help you control your blood sugars. If you are having problems with your medications you need to put in a sick call request form and bring those problems to the attention of the health care provider.

---

[5] The Armor Defendants attached Plaintiff's grievances to their second motion to dismiss (Doc. 37-4). Although generally nothing beyond the face of the complaint and the attached documents are considered when analyzing a motion to dismiss, the court will "make an exception where the plaintiff refers to a document in his complaint, it is central to his claim, the contents are not disputed, and the defendant attaches it to his motion to dismiss." Bryant v. Citigroup, Inc., 512 F. App'x 994 (11th Cir. 2013) (citing Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007)). Because the allegations against Defendants Small, Carrera, and Mason concern their responses to his grievances, the grievances are central to Plaintiff's claims. However, for the purposes of this Order, the Court will not consider any grievances or responses filed *after* October 5, 2015, the date of Plaintiff's complaint.

> Furthermore, after reviewing [your] chart I found that your AM insulin is ordered at 25 units beginning today.

(Doc. 37-4 at 9). Defendant Mason's conduct in reviewing Plaintiff's grievances and her message to Plaintiff that he needed to address his concerns with his healthcare provider does not show that Defendant Mason displayed conduct that went beyond gross negligence. To the extent Plaintiff predicates liability on Defendant Mason solely for denying his grievances, Plaintiff fails to state a § 1983 claim. See Haverty v. Crosby, No. 1:05-cv-00133, 2006 WL 839157, at *5 (N.D. Fla. Mar. 28, 2006) (reasoning that a supervisor is not liable for conduct brought to his or her attention by a grievance form, unless the knowledge imputed to the supervisor and the refusal to prevent the harm rises to the level of a custom, policy, or practice) (citing Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999)(overruled in part on grounds not applicable here)). Plaintiff's claims against Defendant Mason are due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 3. Defendant Shirlette Thomas

Plaintiff asserts that on September 2, 2015, Defendant Thomas adjusted his insulin dosage at his request, but instead of cutting his evening dosage by 5-units (as requested), Defendant Thomas decreased both his morning and evening dosages from the original dosage of 30 and 20 units to 15 and 10 units. Id. After a week,

- 12 -

Defendant Thomas raised his morning dosage to 25 units, but his evening dosage remained at 10 units. Id.  Plaintiff asserts that his blood sugar runs high all night due to the 10 unit decrease in the evening insulin. Id. at 7.  He claims that the high blood sugar causes numerous physical symptoms and that he has complained "to the nurses," regarding the cut in insulin. Id.  He claims that he is forced to forego some of his food and commissary snacks in order to control his blood sugar. Id.

It is clear from the face of the complaint that Defendant Thomas responded to Plaintiff's initial complaints regarding his insulin, albeit not in the manner he desired. Plaintiff's mere disagreement with Defendant Thomas' medical judgment regarding the proper amount of insulin necessary to treat his diabetes cannot sustain a claim of deliberate indifference -- even if Defendant Thomas' judgment amounted to medical malpractice. Estelle, 429 U.S. at 107 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Wilson v. Smith, 567 F. App'x 676, 678 (11th Cir. 2014) ("'[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference.") (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)). Plaintiff has not sufficiently alleged that Defendant Thomas had a subjective knowledge of a risk of serious harm if she did not

meet Plaintiff's demands regarding insulin dosage and then disregarded that risk by conduct that is more than mere negligence. Brown, 387 F.3d at 1351. Therefore, Plaintiff's claims against Defendant Thomas are due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Aaron v. Finkbinder, 793 F. Supp. 734, 738 (E.D. Mich. 1992) (noting that an eight unit disagreement in the proper insulin dosage could not support a claim of deliberate indifference and stating that "[t]he fact that [the defendant] provided plaintiff with any insulin shows a lack of indifference."); McCargo v. James, No. 13-0529, 2013 WL 5674353, at *3 (D.N.J. Oct. 16, 2013) ("In this case [the defendant's] action in giving plaintiff the incorrect dosage of insulin is more akin to malpractice/negligence claim rather than deliberate indifference."); Smith v. Rector, No. 13-cv-837-GPM, 2013 WL 5436371, at *3 (S.D. Ill. 2013) ("While Plaintiff believes his prescribed dosage of insulin is too high, this allegation, if proven true, points to possible negligence or malpractice at worst. It does not suggest deliberate indifference on the part of [the defendants] in their treatment of Plaintiff's diabetes.").

However, since "a more carefully drafted complaint" might state a claim against Defendant Thomas, Plaintiff will be given one opportunity to amend his claims against Defendant Thomas before the complaint will be dismissed with prejudice. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (overturned with respect to

counseled plaintiffs by <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002)).

**IV. <u>Conclusion</u>**

Accordingly, it is now **ORDERED:**

1. The motion to dismiss filed by Defendant Mike Scott (Doc. 22) is **GRANTED**. All claims against Defendant Scott are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. The motions to dismiss filed by Defendants Small, Lourdes, Carrerro, Mason, and Thomas (Doc. Nos. 29, 37) are **GRANTED**. All claims against Defendants Small, Lourdes, Carrerro, Mason, and Thomas are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. Should the facts support such a complaint, Plaintiff may file an amended complaint against Defendant Thomas within **FOURTEEN (14) DAYS** from the date on this Order. Should Plaintiff decide against filing an amended complaint, the Court will issue a separate order directing the Clerk of Court to close this case and to enter judgment in favor of the defendants.

**DONE** and **ORDERED** in Fort Myers, Florida on this   20th   day of May, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Robert E. Loveland
Counsel of Record