UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT E. LOVELAND,

    Plaintiff,

v.                          Case No: 2:15-cv-621-FtM-99CM

SHIRLETTE THOMAS,

    Defendant.
_____

### ORDER

This matter comes before the Court upon the following:

> Defendant Shirlette Thomas' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 46, filed June 27, 2016); and
>
> Plaintiff's Response to Defendant Thomas' Motion to Dismiss (Doc. 48, filed July 15, 2016).

For the reasons set forth in this Order, the motion to dismiss filed by Defendant Thomas is denied. Defendant Thomas shall file an answer to Plaintiff's amended complaint by August 12, 2016.

### I.   Pleadings

Plaintiff, a prisoner currently incarcerated at the Lee County Jail, initiated this action by filing a pro se complaint against numerous employees of the jail on October 7, 2015 (Doc. 1). The original complaint was dismissed by the Court on May 20, 2016 for failure to state a claim upon which relief could be granted (Doc. 42). Plaintiff was directed to file an amended complaint if he wished to proceed. Id. On June 13, 2016, Plaintiff

filed an amended complaint, raising claims against only Defendant Shirlette Thomas (Doc. 45). Plaintiff's amended complaint is the operative complaint before the Court.

**A.   Amended Complaint**[1]

During the nights between August 19, 2015, and September 2, 2015, Plaintiff began having hypoglycemic episodes related to his diabetes (Doc. 45 at 5-6).  As a result, he requested a 5-unit decrease in his evening insulin dose. Id.  On September 2, 2015, physician's assistant Defendant Thomas cut Plaintiff's morning and evening insulin doses in half, from 30 and 20 units, to 15 and 10 units (Doc. 45 at 7).  For approximately one week following the decrease, Plaintiff's blood sugar was "excessively high" 24 hours a day. Id.  On September 9, 2015, Defendant Thomas was directed by her supervisor to increase Plaintiff's insulin dose. Id.  Plaintiff's morning insulin was increased to 25 units, but his evening insulin was left at 10 units. Id.  This left Plaintiff with high blood sugar throughout the evening Id. On October 1, 2015, Defendant Thomas raised Petitioner's insulin dosage back to the 20 units that initially caused the hypoglycemic episodes. Id. at 8.  Two weeks later, Defendant Thomas was removed from

---

[1] The facts are those set forth in Plaintiff's amended complaint (Doc. 45).  For the purpose of this Order, all factual assertions are considered to be true. However, this Court is not bound to accept a legal conclusion as true, even if couched as a factual allegation. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Plaintiff's insulin orders and his blood sugar was controlled. Id. As a result of the incorrect insulin dosage, Plaintiff developed a case of neuropathy that was untreated by Defendant Thomas for seven weeks.

Plaintiff suffered headaches, muscle cramps, dehydration, blurred vision, weight loss, neuropathy, and an increased hemoglobin AIC because of his incorrect insulin dosage (Doc. 45 at 6). He did not eat some of his food in an attempt to control his blood sugar, resulting in frequent hunger and weight loss. Id. at 8.

Plaintiff asserts that Defendant Thomas' failure to provide him with adequate insulin was deliberately indifferent (Doc. 45 at 6).[2] He seeks an order from the Court reprimanding Defendant Thomas and monetary damages for pain and suffering in the amount of one million dollars. Plaintiff's also seeks legal fees and the costs of litigation. Id.

---

[2] It is unclear from the pleadings whether Plaintiff is a prisoner or a pre-trial detainee at the Lee County Jail. If Plaintiff is a pre-trial detainee, his cruel and unusual punishment claim sounds properly in the Fourteenth Amendment right to due process of law rather than in the Eighth Amendment. See Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Nevertheless, allegations of cruel and unusual punishment are analyzed in identical fashions regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause of the United States Constitution. Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000).

**B.   Defendant Thomas' Motion to Dismiss**

On June 27, 2016, Defendant Thomas filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief could be granted (Doc. 46). Defendant Thomas argues that, as in his original complaint, Plaintiff merely disagrees with the treatment ordered by Defendant Thomas and has, at most, stated a claim of medical malpractice — not deliberate indifference. Id. at 5-6.

## II.   Governing Legal Standards

**A.   Motions to Dismiss**

On a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

> Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

**B.   Deliberate Indifference under 42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) the defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred

under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).

In the instant complaint, Plaintiff alleges that the defendants were deliberately indifference to his diabetes. The Eighth Amendment forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners[.]" <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." <u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1306–07 (11th Cir. 2009).[3]

A plaintiff can demonstrate deliberate indifference by establishing the defendant (1) had a subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged

---

[3] A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. <u>Kelley v. Hicks</u>, 400 F.3d 1282, 1284 n. 3 (11th Cir. 2005). For the purpose of this Order only, the Court will assume, without deciding, that Plaintiff's diabetes is a serious medical need.

in conduct that is more than mere negligence. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

### III. Analysis

It is clear from the face of the complaint that Defendant Thomas responded to Plaintiff's initial requests for an insulin adjustment, albeit not in the manner he desired. As was explained to Plaintiff in the order granting Defendant Thomas' first motion to dismiss, Plaintiff's mere disagreement with Defendant Thomas' medical judgment regarding the proper amount of insulin necessary to treat his diabetes cannot sustain a claim of deliberate indifference -- even if Defendant Thomas' judgment amounted to medical malpractice. Estelle, 429 U.S. at 107 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Wilson v. Smith, 567 F. App'x 676, 678 (11th Cir. 2014) ("'[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment' does not support a claim of deliberate indifference.") (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)).

However, Plaintiff asserts that Defendant Thomas was constantly apprised of Plaintiff's medical issues with the initial insulin adjustment, but only responded to his medical requests after her supervisors directed her to do so. At this stage of the proceedings, taking all facts as true and construing all inferences

in favor of Plaintiff, Plaintiff has stated a plausible claim of deliberate indifference.  Although Defendant Thomas asserts that there is no indication that she purposefully ignored or failed to respond to Plaintiff's pain or medical needs (Doc. 46 at 6), this defense can be reasserted in a motion for summary judgment after discovery is conducted.

## IV.   Conclusion

Accordingly, it is now **ORDERED:**

1.   The motion to dismiss filed by Defendant Shirlette Thomas (Doc. 46) is **DENIED.**

2.   Defendant Thomas shall file an answer to the amended complaint on or before **August 12, 2016**.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___21st___ day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Robert E. Loveland
Counsel of Record