```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

ROBERT E. LOVELAND,

       Plaintiff,

v.                             Case No: 2:15-cv-621-FtM-99CM

SHIRLETTE THOMAS,

       Defendant.
_____

## ORDER OF DISMISSAL

Presently before the Court is Defendant Shirlette Thomas' motion to Dismiss Plaintiff's Amended Complaint for Failure to Exhaust Administrative Remedies (Doc. 53, filed September 6, 2016). Plaintiff responded to the motion (Doc. 58), and it is ripe for review. For the reasons set forth in this Order, Defendant Thomas' motion to dismiss is granted, and the amended complaint is dismissed for Plaintiff's failure to properly exhaust his administrative remedies. Alternatively, the complaint is dismissed for failure to state a claim upon which relief can be granted.

### I. Background

**Procedural History**

On October 5, 2015, while incarcerated at the Lee County Jail, Plaintiff initiated this action by filing a pro se complaint

against numerous employees of the jail (Doc. 1).[1]  The original complaint was dismissed by the Court on May 20, 2016 for failure to state a claim upon which relief could be granted (Doc. 42). Although the defendants had raised an exhaustion defense in their motion to dismiss (Doc. 22), the Court concluded that it was easier to dismiss the complaint on the ground that it did not state a claim (Doc. 42).  Therefore, the Court did not perform a full analysis of whether Plaintiff had exhausted his administrative remedies.  Plaintiff was directed to file an amended complaint if he wished to proceed. Id.

On June 13, 2016, Plaintiff filed an amended complaint, raising claims against only Defendant Shirlette Thomas (Doc. 45). Defendant Thomas filed a motion to dismiss Plaintiff's amended complaint on the ground that he had not stated a claim upon which relief could be granted, but she did not re-raise her exhaustion defense (Doc. 46).  The motion was denied (Doc. 46).  In her answer and affirmative defenses, Defendant Thomas re-raised the exhaustion defense (Doc. 50).  The Court ordered briefing on the exhaustion issue (Doc. 51), and Defendant Thomas filed a motion to

---

[1] It is unclear whether Plaintiff was a pre-trial detainee or a convicted prisoner while at the Lee County Jail.  Nevertheless, a court looks to the contours of the Eighth Amendment when analyzing a Fourteenth Amendment deliberate indifference claim. Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000); Hamm v. DeKalb County, 774 F.2d 1567, 1573—74 (11th Cir. 1985).

dismiss based upon Plaintiff's failure to fully exhaust his administrative remedies (Doc. 53).

## Complaint

In his amended complaint, Plaintiff asserts the following: During the nights between August 19, 2015, and September 2, 2015, Plaintiff began having hypoglycemic episodes related to his diabetes (Doc. 45 at 5-6). As a result, on September 2, 2015, he requested a 5-unit decrease in his evening insulin dose. Id. On the same day, Physician's Assistant Defendant Thomas cut both Plaintiff's morning and evening insulin doses in half, from 30 and 20 units, to 15 and 10 units respectively (Doc. 45 at 7). For approximately one week following the decrease, Plaintiff's blood sugar was "excessively high" 24 hours a day. Id. On September 9, 2015, Defendant Thomas was directed by her supervisor to increase Plaintiff's insulin dose. Id. His morning insulin was increased to 25 units, but his evening insulin was left at 10 units. Id. This left Plaintiff with high blood sugar throughout the evening. Id. On October 1, 2015, Defendant Thomas raised Plaintiff's insulin dosage back to the 20 units that initially caused the hypoglycemic episodes. Id. at 8. Two weeks later, Defendant Thomas was removed from Plaintiff's insulin orders and his blood sugar was controlled. Id. As a result of the incorrect insulin dosage, Plaintiff developed a case of neuropathy.

Plaintiff suffered headaches, muscle cramps, dehydration, blurred vision, weight loss, neuropathy, and an increased hemoglobin AIC because of his incorrect insulin dosage (Doc. 45 at 6). He did not eat some of his food in an attempt to control his blood sugar, resulting in hunger and weight loss. Id. at 8.

Plaintiff asserts that Defendant Thomas' failure to provide him with adequate insulin was deliberately indifferent to his serious medical condition (Doc. 45 at 6). He seeks an order from the Court reprimanding Defendant Thomas and monetary damages for pain and suffering in the amount of one million dollars. Plaintiff also seeks legal fees and the costs of litigation. Id.

**Motion to Dismiss**

Defendant Thomas asserts that Plaintiff was aware of the grievance procedure for medical complaints at the Lee County Jail, but failed to complete it (Doc. 53 at 3). In support of her motion to dismiss, Defendant Thomas has submitted: a copy of the "Armor Correctional Health Services, Inc. Grievance Mechanism for Health Complaints" (Doc. 37-1, "Health Grievance Procedure"); Plaintiff's "Intake and Screening Assessment" (Doc. 37-2, "Intake"); Armor Regional Manager Andrew Small's Affidavit (Doc. 37-3, "Small Aff."); Plaintiff's Grievance Report (Doc. 37-4, "Grievance Report"); and Plaintiff's Grievances and Responses on this issue (Doc. 37-4). In his response in opposition to Defendant Thomas' motion to dismiss, Plaintiff submitted a copy of the grievance

procedure set forth in the Lee County Jail inmate handbook (Doc. 58-1) and copies of the grievances he has submitted (Doc. 58-2).

## II. Legal Standards

Under § 1997e(a) of the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The United States Supreme Court has noted that exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

Thus, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008). Additionally, the Supreme Court has recently explained that "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such

circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).  Furthermore, an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA. Johnson v. Meadows, 418 F.3d 1152, 1157-59 (11th Cir. 2005); Additionally, "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012).

The PLRA's exhaustion requirement is designed to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25 (2002).  A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner must provide the level of detail required by the prison's regulations. Jones v. Bock, 549 U.S. 199, 218 (2007).  When a prison's grievance procedures are silent or incomplete as to factual specificity, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Doe v. Wooten, No. CV107-2764, 2010 WL 2821795, at *2 (N.D. Ga. July 16, 2010).  Section 1997e(a) of the PLRA requires a prisoner to provide in his administrative grievance

as much relevant information about his claims as he can reasonably provide. Brown v. Sikes, 212 F.3d 1205, 1210 (11th Cir. 2000).

In Bryant v. Rich, the Eleventh Circuit Court of Appeals directs the district courts to consider failure to exhaust in a motion to dismiss instead of a motion for summary judgment. 530 F.3d 1368, 1374-75 (11th Cir. 2008) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.") (internal quotation omitted). In cases, such as the instant one, in which the defendant alleges that a prisoner has not exhausted his administrative remedies, courts are permitted to hear evidence outside of the record. Id. at 1377 n. 16. Accordingly, the parties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the motion to dismiss into one for summary judgment. Id. In addition, the district court may resolve factual questions concerning a plaintiff's alleged failure to exhaust, as long as the factual disputes do not decide the merits and the parties had sufficient opportunity to develop a record. Bryant, 530 F.3d at 1376. Here, the facts relating to whether Plaintiff exhausted his administrative remedies do not bear on the merits of his claims against Defendant Thomas. Also, Plaintiff had sufficient opportunity to develop (and did develop) a record on this issue.

Accordingly, this Court will consider the evidence submitted by both sides relating to the issue of exhaustion.

To determine whether a complaint should be dismissed for failure to exhaust administrative remedies, the court first considers the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court must accept, for purposes of the motion, the plaintiff's version of the facts as true. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. Id. If the court determines that the complaint is not subject to dismissal at step one, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id.

### III. Analysis

**Grievance Process**

The medical provider at the Lee County Jail (Armor Correctional Health Services, Inc.) provides a three-step administrative remedy process for health complaints. The prisoner must first give the grievance to administrative staff (step one) (Small Aff. at ¶ 5). Thereafter, senior health care management

personnel are required to address the grievance in a written response. Id. If the grievance is not resolved, the inmate may appeal the grievance to the facility administrator or designee (step two). Id. If the grievance remains unresolved, the inmate may appeal to a regional representative of Armor Correctional Health Services, Inc. (step three). Id. at ¶ 6.

Andrew Small attests that this three-step procedure was available to Plaintiff during his incarceration at the Lee County Jail and that it was explained to him during his intake health screening and health assessment processes. Id. at ¶¶ 7-8. Even though the medical provider on the date of Plaintiff's intake was not Armor, Small attests that the grievance procedure explained to Plaintiff at intake was the same as that required by Armor (Small Aff. at n. 1). Plaintiff signed the intake form indicating that the grievance procedure was explained to him (Doc. 37-2). Defendant urges that the undisputed evidence shows that Plaintiff did not complete steps two and three of the grievance procedure for medical complaints, and as a result, his claims are unexhausted (Small Aff. at ¶ 11).

### Grievances[2]

It is uncontested that, on September 2, 2015 and September 3, 2015, Plaintiff filed a total of three grievances, each complaining

---

[2] Plaintiff initiated this action on October 5, 2015, complaining of activity that occurred during August and Septem

about Defendant Thomas' adjustments to his insulin dosage (Doc. 37-4 at 6-8). The first grievance complained that, when Plaintiff requested a five-unit decrease in his insulin, Defendant Thomas ordered a fifteen unit decrease which, according to Plaintiff, "makes no sense." (Doc. 58-2 at 1). He filed a second grievance on the same day, calling Defendant Thomas' prescription "nonsensical" (Doc. 58-2 at 2). The following day, Plaintiff filed a grievance complaining that because Defendant Thomas had changed his morning insulin dose to fifteen units (instead of to twenty-five units as he had requested) "for no logical reason," he was forced to suffer from high blood sugar from "before lunch" to 1:30 (Doc. 58-2 at 3).

On September 9, 2015, Rhonda Mason, the director of nursing, responded to Plaintiff's September 2, 2015 and September 3, 2015 grievances (Doc. 37-4 at 9). Mason assured Plaintiff that he was being cared for by a professional healthcare provider, and that, after reviewing his chart, Plaintiff's morning insulin dosage was adjusted to 25 units, effective on that date. Id.

Plaintiff asserts that on September 11, 2015, he filed a second grievance complaining that he had not received a response

---

of 2015. In order to survive dismissal for failure to exhaust, Plaintiff must have first exhausted each of his claims prior to that date. 42 U.S.C. § 1997e(a). Accordingly, only grievances filed by Plaintiff prior to October 5, 2015 will be considered.

to his September 2, 2015 and September 3, 2015 grievances—he further complained that he was suffering from blurred vision, muscle cramps, and headaches because of unregulated insulin (Doc. 58-2).  Defendant Thomas does not acknowledge receiving this grievance, nor does it show up on the Grievance Report filed by the defendant.  Nevertheless, it appears that the grievance was responded to by Mason and that Plaintiff was instructed to report to sick call (Doc. 58-2 at 4).  However, to the extent that the September 11, 2015 document was an actual grievance, Plaintiff does not assert that he appealed Mason's response to it.  Accordingly, it is undisputed that the new issues grieved on September 11, 2014 were not exhausted.

On September 14, 2015, Plaintiff asserts that he appealed Mason's response to his September 2, 2015 and September 3, 2015 grievances, and that "no remedy has come forth from his request" (Doc. 58-2 at 5).  Plaintiff asserts that he filed a second appeal to the facility commander regarding Mason's letter (presumably the letter written in response to Plaintiff's September 2, 2015 and September 3, 2015 grievances) on September 24, 2015 (Doc. 58-2 at 6).  Neither of Plaintiff's alleged appeals show up on the Grievance Report filed by Defendant Thomas, and it does not appear that a response was provided to either appeal (Doc. 58-2 at 5-6).

**Arguments**

### a. Plaintiff did not exhaust his deliberate indifference claim against Defendant Thomas

Plaintiff admits that he did not follow the proper medical grievance procedures for the Lee County Jail. In response to Defendant Thomas' motion to dismiss for lack of exhaustion, Plaintiff makes two arguments that his failure to do so should be excused. First, he urges that, because his insulin dosage was eventually corrected, filing a grievance through Armor's grievance procedure would have been futile (Doc. 58 at 4). This argument is unavailing; an exhaustion requirement cannot be waived based upon a prisoner's belief that pursuing administrative procedures would be futile. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Booth v. Churner, 532 U.S. 731 (2001) (holding that a prisoner must exhaust administrative remedies even if the relief sough (such as money damages) cannot be granted by the administrative process).

Next, Plaintiff urges that he is not subject to Armor's three-step grievance procedure because the intake form indicating that the medical grievance procedure had been explained to him was "an adhesive contract" with Corizon Healthcare, who was the medical services provider for Lee County Jail at the time he was booked into the Lee County Jail (Doc. 58 at 2). Although Defendant Thomas recognizes that the medical providers changed during Plaintiff's

tenure at the jail, Andrew Small attests that the procedures for filing a medical grievance under Corizon were identical to those under Armor (Small Aff. at n.1). Plaintiff does not dispute that he signed the intake form indicating that the grievance process was explained to him (Doc. 37-2 at 3). Nor does he claim that the procedures for filing a medical grievance changed during his time at the Lee County Jail.

Plaintiff does not contend that he followed the Corizon grievance procedure or otherwise sought to clarify the grievance procedures with Armor; rather, he asserts that he followed the two-step non-medical grievance procedure set forth in Lee County Jail's prisoner handbook instead (Doc. 58 at 1-2).[3] However, a failure to exhaust is not excused merely because a prisoner unilaterally (or mistakenly) decides to follow a different grievance procedure than is required by the facility at which he is held. See Ross v. Blake, 136 S. Ct. 1850 (2016) (holding that a prisoner's mistaken belief that an internal affairs investigation served as a substitute for the standard grievance process did not excuse him from the exhaustion requirement).

---

[3] Defendant Thomas asserts that Plaintiff never proceeded past the first step of any grievance process. Plaintiff urges that he completed both steps of the Lee County Jail procedure for the grievances filed on September 2, 2015 and September 3, 2015. Because the Court concludes that Plaintiff's deliberate indifference claim is unexhausted, the Court will not make a finding of fact on whether Plaintiff completed the non-medical grievance procedure for the Lee County Jail.

Accordingly, accepting Plaintiff's version of the facts as true, this issue can be resolved at the first step of the Turner test: Plaintiff's mistaken beliefs that he was not required to properly exhaust his claims because: (1) doing so was futile; and (2) he could comply with the exhaustion requirement by following the grievance procedures for non-medical complaints against staff members of the Lee County Sheriff's Office (as set forth in the prisoner's handbook) do not excuse his failure to properly exhaust his medical deliberate indifference claim.[4]

Nor is this Court persuaded by any construed argument from Plaintiff that the medical grievance procedure was unavailable for purposes of the PLRA. The Ross court distilled three situations in which an administrative remedy is not "available" under the PLRA. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 136 S. Ct. at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id.

---

[4] Plaintiff appears to concede that the medical grievance procedure was explained to him. However, to the extent he now urges that the medical grievance procedure was not explained to him (notwithstanding his signature otherwise), the Court finds Defendants' evidence on this issue (the signed intake form and Small's affidavit) more credible than Plaintiff's assertion that the intake form was an "adhesive" contract with Corizon.

Third, a remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860. Here, Plaintiff's arguments regarding availability do not fall within any of these three "exceptions" to exhaustion.

Accordingly, the deliberate indifference claim against Defendant Thomas is dismissed for Plaintiff's failure to properly exhaust his constitutional claims. 42 U.S.C. § 1997e(a).

### b. The allegations against Defendant Thomas do not state a claim upon which relief may be granted

Even were this Court to conclude that the Armor grievance procedures were "unavailable," so as to excuse Plaintiff's failure to utilize them, he still has not exhausted a cognizable 42 U.S.C. § 1983 claim. It is clear from Plaintiff's amended complaint that this deliberate indifference action is primarily predicated on events that occurred *after* he filed his September 2, 2015 and September 3, 2015 grievances. Plaintiff complains that, "on about 9-9-15, after numerous requests, complaints and grievances pertaining to the harmful effects of [Defendant Thomas'] cut in insulin, Defendant Thomas was directed by her supervisor to raise Plaintiff's insulin due to the severity of his blood sugar." (Doc. 45 at 7). However, complains Plaintiff, his insulin "was only increased to 25 units" on that date. Id. As discussed above, Plaintiff filed three grievances directed towards the insulin

adjustment during the week prior to September 9, 2015—two of which were filed before the implementation of the insulin reduction, and one filed on the day the reduction was implemented. Defendant Thomas could not have contemplated a deliberate indifference action arising from Plaintiff's September 2, 2015 and September 3, 2015 grievances because the grievance expressed only a disagreement with her dosage recommendations.

Moreover, Plaintiff's requests were not ignored. See Thomas v. Town of Davie, 847 F.2d 771, 772-32 (11th Cir. 1988) (deliberate indifference may be shown when a prison ignores without explanation a prisoner's serious medical condition). Rather, the health care providers at the Lee County Jail, including Defendant Thomas, responded to Plaintiff's demands for insulin adjustments, albeit not in the manner he preferred. Accordingly, Plaintiff merely disagrees with the treatment he was provided. The courts have long recognized that an inmate's disagreement with a health care provider's choice of treatment does not state a deliberate indifference claim. Estelle v. Gamble, 429 U.S. 97 (1976) (holding that "matter[s] of medical judgment" do not give rise to a § 1983 claim; and upon reinstating a district Court's dismissal of a complaint which alleged that "more should have been done" to diagnose and treat a back injury, the Court stated that "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical

malpractice"); Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

In addition to being subject to dismissal as unexhausted, Plaintiff's deliberate indifference claim is dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(ii).[5]

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Thomas' motion to dismiss for failure to exhaust administrative remedies (Doc. 53) is **GRANTED**. Plaintiff's deliberate indifference claim against Defendant Thomas is dismissed as unexhausted. Alternatively, the claim is dismissed for failure to state a claim on which relief may be granted.

---

[5] Under 28 U.S.C. § 1915(e)(2)(ii) a court is required to dismiss a case filed *in forma pauperis* at any time if it is determined that the action fails to state a claim on which relief may be granted.

2. With no remaining claims or defendants, the **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment in favor of the defendant.

**DONE** and **ORDERED** in Fort Myers, Florida on this __27th__ day of July, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record